CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
@ Danville
SEP 11 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BARRY MOOREFIELD, | ) | CASE NO. 4:07CV00006 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security[1], | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 1, 2005 claims for disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity since his alleged date of disability onset, June 6, 2003, and that he was insured for benefits through December 31, 2007. (R. 12, 14.) The Law Judge determined that plaintiff's

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

respiratory disorders were a severe impairment, though not severe enough to meet or equal a listed impairment.[2] (R. 14, 16.) The Law Judge was of the view that the alleged level of severity of symptoms and limitations was not fully supported by the record, and he retained the residual functional capacity (RFC) to perform a wide range of unskilled work at the light and sedentary levels, but he should avoid irritants such as dust, fumes, toxins, and hazards such as moving machinery and unprotected heights. (R. 17-18.) The Law Judge determined that plaintiff could not return to his past relevant work, unskilled heavy exertional positions. (19.) By application of the Medical-Vocational Guidelines ("grids") and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that the jobs of laundry worker, mail sorter, counter clerk, and product assembler were available to plaintiff. (R. 20.) Thus, the Law Judge ultimately found that he was not disabled under the Act. (R. 20-21.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 4-6.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support.

---

[2]The Law Judge found that plaintiff's chronic fatigue syndrome, fibromyalgia, hypertension, and mental impairments were not severe impairments. (R. 16-17.)

2

20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a Memorandum filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding that his chronic fatigue syndrome[3] was not a severe impairment. (Plaintiff's Brief, pp. 17-22.) In his response, the Commissioner contends that plaintiff did not meet the duration requirement because he has not shown that his chronic fatigue syndrome created functional limitations lasting at least twelve months. (Commissioner's Brief, p. 13.) In evaluating plaintiff's chronic fatigue syndrome, the Law Judge concluded that the condition did not meet the duration requirement. (R. 16.)

A "severe impairment" is one or a combination of impairments that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520, 416.920. The regulations have a "duration requirement" which provides that unless an impairment is expected to result in death, it must have lasted or be expected to last for a continuous period of no less than twelve months. 20 C.F.R. §§ 404.1509, 416.909.

The record contains treatment notes from William G. Jones, M.D. showing that he evaluated and treated plaintiff for chronic fatigue syndrome from April 6, 2001 through September 7, 2006. (R. 126-148.) On April 6, 2001, plaintiff's chronic fatigue syndrome was

---

[3]Social Security Ruling (SSR) 99-2p defines chronic fatigue syndrome as a "systemic disorder consisting of a complex of symptoms that may vary in incidence, duration, and severity. It is characterized in part by prolonged fatigue that lasts 6 months or more and that results in substantial reduction in previous levels of occupational, educational, social, or personal activities."

3

being treated with the anti-depressant Paxil. (R. 136.) On June 21, 2001, plaintiff was taking Eldepryl and Paxil, and he reported to Dr. Jones that he felt that the Eldepryl was not helping. (R. 132.) Dr. Jones discontinued the Eldepryl and started him on Wellbutrin. (*Id.*) Dr. Jones' treatment note from that day also shows he intended to provide plaintiff with information about a chronic fatigue syndrome support group or other organization. (*Id.*) On December 20, 2002, Dr. Jones determined that plaintiff was experiencing memory problems and that were likely related to his chronic fatigue syndrome. (R. 133.) On June 7, 2003, plaintiff presented to Dr. Jones reporting fatigue all the time and never feeling rested. (R. 129.) Dr. Jones noted that plaintiff's past medical history included a diagnosis of chronic fatigue syndrome, and that although he was not presently taking any medication, he had previously been treated with Paxil and Wellbutrin. (*Id.*) Dr. Jones's medical note from August 1, 2006 provides that plaintiff's medical history includes a diagnosis of chronic fatigue syndrome. (R. 140.) Dr. Jones provided his most complete evaluation of plaintiff's chronic fatigue syndrome and the impact it had on his functional capacity on September 7, 2006. (R. 144-148.) On that date, Dr. Jones completed a Chronic Fatigue Syndrome Residual Functional Capacity Questionnaire in which he opined that plaintiff suffered with chronic fatigue syndrome and that his impairments had lasted or could be expected to last at least twelve months. (R. 144.) He opined that plaintiff is not a malingerer, he "constantly" experiences fatigue or other symptoms severe enough to interfere with attention and concentration needed to perform even simple tasks, he could only walk one block without rest, he could only sit for fifteen minutes at a time, he could only stand for five minutes at a time, he could sit or stand/walk less than two hours in an eight-hour workday, he would need unscheduled breaks during the workday for him to lie down, he would likely experience "good days" and "bad

4

days," and his limitations were likely to keep him out of work more than four days per month. (R. 145-148.) Finally, Dr. Jones opined that plaintiff began suffering with symptoms of fatigue at age twenty or twenty-one, and that he had chronic fatigue syndrome with symptoms and limitations existing as far back as October 21, 1986[4]. (R. 144, 148.)

The essentially uncontested reports of Dr. Jones, plaintiff's treating physician who presents a longitudinal view of plaintiff's treatment, that his chronic fatigue syndrome has lasted more than twelve months and places limitations on his ability to perform basic work activities so as to rise to the level of a "severe impairment" is the very kind of treating physician evidence which dispels the Law Judge's finding that "the record does not establish symptoms or functional limitations lasting a continuous period of at least twelve months." (R. 16.) Thus, the undersigned concludes that the Law Judge's decision that plaintiff's chronic fatigue syndrome was not a severe impairment, because it did not meet the duration requirement, is not supported by substantial evidence.

For these reasons, the undersigned RECOMMENDS that an order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings. The order should provide that in the event the Commissioner is unable to grant benefits on the current record, he forthwith is to recommit the case to a Law Judge to conduct supplemental evidentiary proceedings at the final level of the sequential analysis.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

---

[4] The undersigned would be remiss in failing to point out that Dr. Jones' opinion that plaintiff's present limitations extend back to 1986 necessarily would be based on the history plaintiff provided since the doctor began treating him fifteen years later.

5

entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

9-11-07
Date